# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                    CASE NO.  22-40092-HLT

**ANDREW JOSEPH GREEVE,**

        **Defendant.**

# SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**SEXUAL EXPLOITATION OF A CHILD –
PRODUCTION OF CHILD PORNOGRAPHY
[18 U.S.C. § 2251(a)]**

On or about the 2nd day of November, 2021 through the 22nd day of June, 2022, in the District of Kansas, the defendant,

**ANDREW JOSEPH GREEVE,**

used a minor, O.C., whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and he knew and had reason to know that the visual depiction was produced and transmitted using material that had been mailed, shipped and transported in and affecting interstate

1

commerce by any means, including by a computer, and the visual depiction was transported and transmitted using any means and facility of interstate commerce and affecting interstate and foreign commerce, including by a computer, and the defendant has a previous conviction relating to aggravated sexual abuse.

In violation of Title 18, United States Code, Section 2251(a) with reference to Title 18, United States Code, Section 2251(e).

## COUNT 2

### SEXUAL EXPLOITATION OF A CHILD – PRODUCTION OF CHILD PORNOGRAPHY
### [18 U.S.C. § 2251(a)]

On or about the 19th day of February, 2021, in the District of Kansas, the defendant,

**ANDREW JOSEPH GREEVE,**

used a minor, C.R., whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and he knew and had reason to know that the visual depiction was produced and transmitted using material that had been mailed, shipped and transported in and affecting interstate commerce by any means, including by a computer, and the visual depiction was transported and transmitted using any means and facility of interstate commerce and affecting interstate and foreign commerce, including by a computer, and the defendant has a previous conviction relating to aggravated sexual abuse.

In violation of Title 18, United States Code, Section 2251(a) with reference to Title 18, United States Code, Section 2251(e).

## COUNT 3

### SEXUAL EXPLOITATION OF A CHILD – PRODUCTION OF CHILD PORNOGRAPHY
### [18 U.S.C. § 2251(a)]

On or about the 19th day of November, 2022, in the District of Kansas, the defendant,

**ANDREW JOSEPH GREEVE,**

used a minor, K.L., whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and he knew and had reason to know that the visual depiction was produced and transmitted using material that had been mailed, shipped and transported in and affecting interstate commerce by any means, including by a computer, and the visual depiction was transported and transmitted using any means and facility of interstate commerce and affecting interstate and foreign commerce, including by a computer, and the defendant has a previous conviction relating to aggravated sexual abuse.

In violation of Title 18, United States Code, Section 2251(a) with reference to Title 18, United States Code, Section 2251(e).

## COUNT 4

**SEXUAL EXPLOITATION OF A MINOR –
DISTRIBUTION OF CHILD PORNOGRAPHY
[18 U.S.C. § 2252(a)(2)(A) and (B)]**

On or about the 12th day of November, 2022, in the District of Kansas, the defendant,

**ANDREW JOSEPH GREEVE,**

did knowingly distribute one (1) or more visual depictions of a minor O.C., whose identity is known to the grand jury, using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct, and the defendant has a previous conviction relating to aggravated sexual abuse.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, 2252(b)(1).

## COUNT 5

**SEXUAL EXPLOITATION OF A MINOR –
RECEIPT OF CHILD PORNOGRAPHY
[18 U.S.C. § 2252(a)(2)(A) and (B)]**

On or about the 12th day of November, 2022, in the District of Kansas, the defendant,

**ANDREW JOSEPH GREEVE,**

did knowingly receive one (1) or more visual depictions of a minor using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct, and the defendant has a previous conviction relating to aggravated sexual abuse.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, 2252(b)(1).

## COUNT 6

**SEXUAL EXPLOITATION OF A MINOR –
POSSESSION OF CHILD PORNOGRAPHY
[18 U.S.C. § 2252(a)(4)]**

On or about the 21st day of November, 2022, in the District of Kansas, the defendant,

**ANDREW JOSEPH GREEVE**

did knowingly possess one (1) or more matters which contained any visual depiction of a minor, that involved prepubescent minors and minors who had not attained 12 years of age, that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, including by a computer, and was produced using materials which had been so mailed and shipped and transported, and the production of such visual depiction involved the use of minors engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and such visual depictions were of such conduct; and the defendant has a previous conviction relating to aggravated sexual abuse.

In violation of Title 18, United States Code, Section 2252(a)(4)(B), with reference to Title 18, United States Code, Section 2252(b)(2).

## COUNT 7

**COMMISSION OF SEX OFFENSE BY REGISTERED OFFENDER**
**[18 U.S.C. § 2260A]**

On or about the 2nd day of November, 2021, in the District of Kansas, the defendant,

**ANDREW JOSEPH GREEVE**

an individual required by Federal and other law to register as a sex offender, committed a felony offense involving a minor under Title 18, United States Code, Section 2251(a), as alleged in Count 1 of this indictment.

In violation of Title 18, United States Code, Section 2260A.

## COUNT 8

**COMMISSION OF SEX OFFENSE BY REGISTERED OFFENDER**
**[18 U.S.C. § 2260A]**

On or about the 19th day of February, 2021, in the District of Kansas, the defendant,

**ANDREW JOSEPH GREEVE**

an individual required by Federal and other law to register as a sex offender, committed a felony offense involving a minor under Title 18, United States Code, Section 2251(a), as alleged in Count 2 of this indictment.

In violation of Title 18, United States Code, Section 2260A.

## FORFEITURE NOTICE

1.      The allegations contained in Counts 1-6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253(a).

2.      Upon conviction of one or more of the offenses set forth in Counts 1-6 the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253(a), any and all property used or intended to be used in any manner or part to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to:

    A.    Blue Apple iPhone (D16AP) 13 Mini: IMEI: 357130734320330

3.      If any of the property described above, as a result of any act or omission of the defendant:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to, or deposited with, a third party;

    C.    has been placed beyond the jurisdiction of the court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

December 14, 2022          s/Foreperson
DATE                       FOREPERSON OF THE GRAND JURY


DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ Sara L. Walton
Sara L. Walton
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: sara.walton@usdoj.gov
Ks. S. Ct. No. 24106

IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

A TRUE BILL.

December 14, 2022          s/Foreperson
DATE                       FOREPERSON OF THE GRAND JURY


DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ Sara L. Walton
Sara L. Walton
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: sara.walton@usdoj.gov
Ks. S. Ct. No. 24106

IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

# PENALTIES

**Counts 1-3: 18 U.S.C. § 2251(a):**

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed thirty (30) years. 18 U.S.C. § 2252(e).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $50,000. 18 U.S.C. § 2259A(a)(3).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than twenty-five (25) years and not to exceed fifty (50) years. 18 U.S.C. § 2251(e).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $50,000. 18 U.S.C. § 2259A(a)(3).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after two prior convictions relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than thirty-five (35) years and not to exceed life. 18 U.S.C. § 2251(e).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $50,000. 18 U.S.C. § 2259A(a)(3).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 4 and 5: 18 U.S.C. § 2252(a)(2)(A) and (B):**

- Punishable by a term of imprisonment of not less than five (5) years and not to exceed twenty (20) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(2).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed forty (40) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(2).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 6: 18 U.S.C. § 2252(a)(4)(B)**

- Punishable by a term of imprisonment not to exceed ten (10) years. 18 U.S.C. § 2252(b)(2).

- If the defendant is found to have possessed any matter that involved prepubescent minors or minors who have not attained 12 years of age, the offense is punishable by a term of imprisonment not to exceed twenty (20) years. 18 U.S.C. § 2252(b)(2).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment not less than ten (10) years and to exceed twenty (20) years. 18 U.S.C. § 2252(b)(2).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 7 and 8: 18 U.S.C. § 2260A**

- Term of imprisonment of 10 years in addition to and consecutive to the imprisonment imposed for the offense under the provision.

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.